**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

Case Number:_____-CIV-_____

**RAYMOND T. MAHLBERG,**

    **Plaintiff,**

v.

**LORO PIANA & C. Inc.,**

    **Defendant.**

_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations.

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Plaintiff is filing this Complaint against Defendant LORO PIANA & C., INC. ("Defendant" or "Loro Piana") for injunctive relief, damages, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Furthermore, because this Court has jurisdiction over the ADA claim, the Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367.

5. Throughout the ADA, "auxiliary aids and services" refers to techniques and devices to overcome barriers in communicating with people who have visual and hearing impairments, among other things. See 42 U.S.C. 12103(1).

6. Implementing these provisions, see 42 U.S.C. § 12186(b), the Attorney General's Title III regulations require public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations specifically list "screen reader software," "magnification software," and "accessible electronic and information technology" as among the auxiliary aids that the statute requires. 28 C.F.R. § 36.303(b)(2).

7. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, construct, maintain, and operate its website https://www.loropiana.com/en-us to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

8. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

9. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content. Plaintiff cannot use his mobile device or personal home computer without the assistance of appropriate and available screen reader software to understand websites.

10. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

11. This case arises out of the fact that Defendant Loro Piana & C. Inc. has operated its business in a manner and way that effectively excludes individuals who are visually impaired from access to Defendants' Loro Piana website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

12. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

14. Plaintiff has attempted to access Defendant's Website in the past, and intends to continue to attempt to access Defendant's Website https://us.loropiana.com.

15. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://us.loropiana.com, Plaintiff will continue to be denied full access to the Loro Piana website.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

16. Venue is proper in the Southern District of Florida. Venue is proper in this district because the defendant resides (retail store is located) in this district; and where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391. As well as, the Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District. 28 U.S.C. § 1391.

17. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiffs' claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332.

18. Plaintiff is a resident of Orlando, FL 32817, Since the Loro Piana store that Plaintiff used to shop in Orlando has closed a few years ago, Plaintiff was told that there are several Loro Piana stores near his home.

19. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

20. Defendant owns over 20 locations in the US, offering Italian high-end designer clothing and gifts. The defendants' headquarter is in Florida located in New York.

21. Plaintiff Mahlberg, is a resident of Orlando, FL. Plaintiff, who is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind. Plaintiff is a legally blind individual who has a physical impairment that substantially limits

the major life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104. Plaintiff cannot use the computer without the assistance of a screen reader software.

22. Defendant is Loro Piana & C. Inc a Florida for profit Corporation. Defendant is the owner and operator of a chain of stores under the brand "Loro Piana" and there are over 20 stores in the US.

23. Upon information and belief, at all times material hereto, Defendant owns, operates, and/or manages the day-to-day affairs and stores of Loro Piana and integrated online store https://us.loropiana.com, which are operating within Palm Beach, Broward, Miami-Dade Counties in the State of Florida.

24. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

25. Each of Defendant's Loro Piana stores are open to the public and each is a place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

26. Defendant's Loro Piana website is a place of Public Accommodation per 42 U.S.C. Section 12181(7)(E) because it's an extension of Defendant's brick and mortar stores. The public accessing the https://us.loropiana.com website is able to locate the Defendant's retail stores, allows consumers to purchase men's clothing, and create (online configuration)

personalized man shoes, view items available at defendant's stores, and create an account, through Defendant's website.

27. Defendant has control over its website, and/or operates his web pages, including image and data content. Defendant owns and operate the domain name https://us.loropiana.com, that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's website.

28. Defendant's Website is offered by Defendant as a way for the public to communicate with Loro Piana merchandise. Defendant's Website also permits the public to register-create an online account, make configurations and personalized clothing and shoes, services only available online, with pick up at Loro Piana brick-mortar stores, as well as to locate Loro Piana & C., Inc. stores.

29. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated. By this nexus/relationship between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

30. Plaintiff is a customer of Loro Piana merchandise, through his internet inquiries, and his intent to patronize Loro Piana stores, not only online as physically going to the physical stores to pick up the merchandize bought online, especially the personalized shoes offered by Loro Piana stores. However Plaintiff could not find Loro Piana's specific addresses to choose the one that is more convenient to him.

31. As a result of Plaintiff being legally blind, Plaintiff uses screen reader software. Before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of Loro Piana store locations, Plaintiff went to Defendant's Website https://us.loropiana.com to learn (1)

how to navigate to and from Loro Piana locations; (2) the cost of Loro Piana merchandise available for sale; (3) times and dates of operation at Loro Piana stores in his area so he can arrange transportation with the intent of purchasing Loro Piana men' clothing, (4) create an online account, (5) order, configure, and personalize a shoe available at Defendant's website and next going to pick it up at the store, (6)exclusive online deals, (7) read the Privacy Policy and (8) return policy.

32. Like most consumers, Plaintiff accesses numerous websites at a time to compare merchandise and prices, sales, discounts, and rewards programs. Plaintiff may look at several dozens of sites to compare features, models, quality and prices.

33. During the plaintiff's several visits to the website using JAWS (computer), and NVDA, occurring in December 15, 2019 and the last in January 26, 2020, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in South Florida.

34. Plaintiff was impeded to patronize Loro Piana stores by Plaintiff being unable to learn about Loro Piana location addresses, hours, products and personalization services available for purchase, and the ability to create an online account, read the Return Policy, among other things readily available to sighted individuals.

35. Plaintiff also intended to use Loro Piana Website in order to purchase a personalized man shoe (https://us.loropiana.com/en/mtoShoes). However, when Plaintiff went online to configure the shoe and create an account, he was unable to complete the transaction. Neither locate a Loro Piana store near him.

36. Plaintiff called Defendant Loro Piana's store to inquire about shoes' personalization, men's clothing and find the nearest store location. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

37. Following communications with Defendant's Loro Piana's representative at Sawgrass Mills store, Plaintiff attempted to utilize Defendant's Website [https://us.loropiana.com](https://us.loropiana.com) as instructed by Defendant's representative.

38. Defendant's Website [https://us.loropiana.com](https://us.loropiana.com) was inaccessible, so Plaintiff could not (among other things):

a. Find out about how to register and create an online account to purchase Loro Piana personalized shoe and pick up at the nearest store;

b. Shop and purchase online Loro Piana designers' clothing and pick it up at the nearest Loro Piana store;

c. Learn about Loro Piana merchandise inventory for the purpose of then going to a local Loro Piana store to try the shoes and Loro Piana designers' men clothing.

d. As well as locate Loro Piana stores and opening hours. Plaintiff desires to regularly visit the Defendant's store to purchase Loro Piana clothing and accessories.

e. Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

38. The failure to obtain the information needed precluded Plaintiff's ability to patronize Loro Piana stores because, as a blind individual, Plaintiff needs to plan his outings out in

detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired shopping activity.

39. In this technological era, Defendant's provision of a Website is an essential part of the services offered by its stores, because Loro Piana website and stores are heavily integrated, providing customer service to the public as part of Loro Piana stores services, privileges and benefit to the public.

40. By this nexus, the website https://us.loropiana.com is characterized as an intangible service, privilege and advantage provided by Loro Piana a place of Public Accommodation (Loro Piana's stores) as defined under the ADA, and thus its website is an extension of Loro Piana services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

41. Defendant's Website is not designed with consideration for Universal design[2]. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website.

42. Plaintiff's expectation of participating in Loro Piana website, services and privileges was eliminated since he could not access Defendant's https://us.loropiana.com website at all to avail himself of the latest services which Defendant offers to the public.

43. The access barriers Plaintiff encountered on Defendant's website have caused a denial and impeded Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://us.loropiana.com.

---

[2]Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

44. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://us.loropiana.com website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar stores.

45. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the digital store contained therein, left Plaintiff excluded from accessing Loro Piana merchandise, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs (such as in this case purchasing clothing) in a manner equal to that afforded to others who are not similarly disabled.

46. Plaintiff's inability to fully use Defendant's Website and the digital store therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

47. Plaintiff cannot make proper arrangements for transportation of himself to Loro Piana most convenient store location to Plaintiff's, without the ability to know in advance Loro Piana locations in South Florida to be able to access the digital online store (the personalized shoes and clothing) through Defendant's Website and pick up at the store.

48. Plaintiff also faces a great degree of uncertainty at not being able to view Defendant's Loro Piana merchandise clothing and shoes' prices in advance which information is available online through Defendant's Website https://us.loropiana.com. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to Defendant's Loro Piana store locations, Plaintiff is effectively denied the ability to physically travel to Defendant's Loro Piana store.

49. Plaintiff has a concrete plan to regularly purchase at Loro Piana when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services at Loro Piana store.

50. By denying Plaintiff the opportunity to comprehend its Website and digital store therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

51. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

52. On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

53. On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website and the digital store therein.

54. On information and belief, Defendant has not offered any form of electronic website in an accessible format for blind or visually impaired individuals.

55. On the information and belief, at all times material hereto, Defendant Loro Piana, since the Website is open through the internet to the public as an extension of the retail stores, the Website is an intangible service, privilege and advantage of Defendant's brick and mortar locations, and Defendant has subjected itself and the associated Website [https://us.loropiana.com](https://us.loropiana.com) it created and maintains to the requirements of the ADA.

56. Thus, Defendant, Loro Piana, has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

57. All Public Accommodations must ensure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

58. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

59. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

60. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as Places of Public Accommodation under Title III.

61. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

62. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare and obtain Loro Piana merchandise, to purchase a Loro Piana personalized shoes and locate nearest stores.

63. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

64. The Website is also a p*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase Loro Piana merchandise online through the Website (which meets the definition of "sales establishment").

65. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

66. Types of website source-code programming errors include (but are not limited to) *(i) Programming Error Types*, which are easily identifiable and correctable, *(ii) Programing Alert Error Types*, which are prone to making the website inaccessible, and *(iii)* Design Errors (DEs) that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

67. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of PETs, easily identifiable and correctable, which occur throughout the Website such as:

a. Each a element must contain text or an img with an alt attribute.

b. An image with a null alt attribute an img must have an alt attribute;

c. Some pages have the same title, so the title cannot be used to distinguish pages;

d. Label text is empty;

e. Headings should not be empty;

f. iframe and frame elements must have title attributes.

70. Further, the Website contains various types of source-code errors prone to making the website inaccessible, which occur throughout the Website, such as:

a. Form field labels should be unique on a page, or enclosed in a fieldset with a legend that makes the label unique.

b. Modify the `id` attribute value so it is unique;

c. A heading should not be empty;

d. Adjacent links go to the same URL.

68. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

69. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

70. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Loro Piana.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

71. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires laces of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 and 42 U.S.C. §12181-§12188.

72. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

73. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://us.loropiana.com website which is defined within §12181(7)(E), and is subject to the ADA.

74. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information needed to shop at a Loro Piana store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

75. The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress" intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

76. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

77. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such

goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

78. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

79. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

80. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.303 to remedy the discrimination.

81. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://us.loropiana.com website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information

available on the Website until such time that the requisite modifications are made. Title III ADA Part 36.

b) Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Loro Piana stores (locations) and becoming informed of and signing up for Loro Piana personalized shoes, shopping for Loro Piana clothing merchandise online, and of viewing digital store provided to the public within Defendant's Website. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "LORO PIANA." and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendants' website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendants to continually update and maintain their computer version of the defendant's website and LORO PIANA's website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Order for Defendants to continuously monitor and maintain their computer website to ensure that it is readily accessible to and usable by persons with vision impairment;

d. That the Court issue an Injunctive relief order directing Defendants to alter their website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

e. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

f. That the Court enter an Order directing Defendants to continually update their website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises. Plaintiff hereby demands a jury trial for all claims so triable.

Dated this 22nd day of March, 2020.

Respectfully submitted,

*s/Acacia Barros*
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381

ab@barroslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2020 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.